UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TARA JOHNSON and MELVIN BROWN, on behalf of themselves and all others similarly situated,<br><br>                 Plaintiff,<br><br>         v.<br><br>INTELEMEDIA COMMUNICATIONS, INC. and INTELEMEDIA PREMIER LEADS, LLC.<br><br>                 Defendants. | Case No. 2:18-cv-2018<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Tara Johnson and Melvin Brown, individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of their counsel, and on information and belief as follows:

**NATURE OF ACTION**

1.      Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully contacting Plaintiff and Class Members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

2.      Plaintiffs bring this action for injunctive relief and statutory damages resulting from the Defendants' illegal actions.

1485430.2

## JURISDICTION AND VENUE

3. This matter in controversy exceeds $5,000,000, as each member of the proposed Class is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in the United States District Court for Western District of Tennessee pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including cellular phone calls received by Plaintiffs while residing within this district.

## PARTIES

5. Plaintiff Tara Johnson is and, at all times mentioned herein was, an individual citizen of the State of Tennessee, residing in Shelby County.

6. Plaintiff Melvin Brown is, and, at all times mentioned herein was, an individual citizen of the State of Tennessee, residing in Shelby County.

7. Defendant Intelemedia Communications, Inc. is a Delaware corporation headquartered in Texas.

8. Defendant Intelemedia Premier Leads, LLC is a Delaware Corporation headquartered in Texas. Defendant Intelemedia Premier Leads, LLC is a wholly-owned subsidiary of Defendant Intelemedia Communications, Inc.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

9. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991),

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," and prerecorded voices. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of an autodialer or prerecorded voice to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

11. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

12. The FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, has defined prior express consent in 47 C.F.R. § 64.1200(f)(8) as "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."

13. Under the TCPA, the burden is on defendants to demonstrate prior express written consent.

14. While telemarketing calls to residential lines are exempted where there exists an "established business relationship," no such exemption applies to telemarketing calls to cell phones. *See* 47 C.F.R. § 64.1200(f)(5).

---

codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

## FACTUAL ALLEGATIONS

15. Plaintiff Johnson is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff Brown is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Johnson and Brown share a cellular telephone ending in 5354. Brown is the account holder.

18. Beginning in mid-2017, Johnson and Brown began to receive calls on their cellular telephone from (800) 228-7676.

19. Sometimes Johnson answered the calls and sometimes Brown answered the calls.

20. When Johnson or Brown answered the calls, they heard a noticeable pause (characteristic of autodialed calls) followed by a prerecorded voice discussing a sweepstakes opportunity.

21. The calls were repeated, annoying, intrusive, and harassing, and consumed Plaintiffs' time and prevented them from using their cellular phone when the calls were incoming.

22. Johnson and Brown received many calls from (800) 228-7676, including calls on November 28, 2017 at 2:24 PM and November 27, 2017 at 10:20 AM.

23. The phone number (800) 228-7676 is associated with http://www.dreamsweepstakes.net, a website operated by or on behalf of Defendants, who are defined as "Sweepstakes Entities" in the website's "Official Rules" section. The calls are part of a telemarketing scheme called "Moneycall" or "DreamSweepstakes."

24. Many or all of the calls by Defendants to Johnson and Brown on their cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C.

§ 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

25. Defendants' telephone calls to Johnson and Brown cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

26. Because the DreamSweepstakes calls constitute telemarketing, Defendants were required to obtain prior express written consent.

27. The "Home" page of the website instructs people to call (800) 228-7676 and press 1 to "consent[] to receive autodialed and pre-recorded calls . . . from Intelemedia Premier Leads."

28. The "How to Play" page of the website instructs that "Simply calling 800-228-7676 and pressing 1 you will get the chance to win 1,000 dollars cash!  You are consenting to receive autodialed and pre-recorded calls to play which may include telemarketing messages from Intelemedia Premier Leads to the number you are calling from."

29. The "Official Rules" page of the website instructs that "[b]y confirming your subscription over the phone or online at www.dreamsweepstakes.net, you are providing your express written consent to receive weekly phone calls . . . "

30. The "Official Rules" page of the website further states that "By clicking the SUBSCRIBE button, I hereby consent to receive autodialed and/or pre-recorded telemarketing calls from or on behalf of Intelemedia Premier Leads, LLC."

31. The consent language in the "How to Play" and "Official Rules" pages does not constitute prior written express consent under the TCPA.

32. The call-in procedure described on the website does not constitute prior written express consent under the TCPA.

33. Defendants' attempt to evade the prior express written consent requirement demonstrates their knowledge of their obligations under the TCPA.

34. Johnson never provided express written consent to receive autodialed or prerecorded calls by Defendants.

35. Johnson never visited www.dreamsweepstakes.net.

36. Johnson never pressed "1" after calling 800-228-7676.

37. Brown never provided express written consent to receive prerecorded calls by Defendants.

38. Brown never visited www.dreamsweepstakes.net.

39. Brown never pressed "1" after calling 800-228-7676.

40. Defendants' telephone calls to Johnson and Brown's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiffs' prior express written consent violated 47 U.S.C. § 227(b)(1)(A).

41. The burden is on Defendants to demonstrate that Johnson and Brown provided prior express written consent within the meaning of the statute.[4]

## CLASS ACTION ALLEGATIONS

42. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

43. Plaintiffs proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after January 5, 2014, received a non-emergency telemarketing call from Defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express written consent for such calls.

Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and are members of, the Class. Excluded from the Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims

---

[4] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

for personal injury, wrongful death and/or emotional distress.

44. Plaintiffs do not know the exact number of members in the Class, but, Plaintiffs reasonably believe that Class members number at minimum in the thousands.

45. Plaintiffs and all members of the Class have been harmed by the acts of Defendants, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

46. This Class Action Complaint seeks injunctive relief and money damages.

47. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Classes can be identified easily through records maintained by Defendants.

48. There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendants made non-emergency calls to Plaintiffs' and Class members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether Defendants can meet their burden of showing they obtained prior express written consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

    c. Whether Defendants' conduct was knowing and/or willful;

    e. Whether Defendants are liable for damages, and the amount of such damages; and

    f. Whether Defendants should be enjoined from engaging in such conduct in the future.

49. As persons who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express

written consent within the meaning of the TCPA and Rules, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

50. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

51. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present substantially fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

52. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*; 47 C.F.R. § 64.1200**

53. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200.

55. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200, Plaintiff and each member of the Class are entitled to treble damages of $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

56. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT

**STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.*; 47 C.F.R. § 64.1200**

57. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200.

59. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. § 64.1200, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

61. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendants:

A.      Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

B.      As a result of Defendants' willful and/or knowing violations the TCPA, Plaintiffs seeks for themselves and each Class member treble damages, as provided by statute, of $1,500.00 for each and every violation of the TCPA;

C.      As a result of Defendants' statutory violations the TCPA, Plaintiffs seeks for themselves and each Class member $500.00 in statutory damages for each and every violation of the TCPA;

D.      An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

E.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;  and

F.      Such other relief as the Court deems just and proper.

Dated:  January 5, 2018          By:  */s/ Mark P. Chalos*
                                                Mark P. Chalos

                                        LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                        Mark P. Chalos (SBN 19328)
                                        Andrew R. Kaufman (SBN 033864)
                                        Email: akaufman@lchb.com
                                        222 Second Avenue South, Suite 1640
                                        Nashville, TN 37201
                                        Telephone:  (615) 313-9000
                                        Facsimile:  (615) 313-9965

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (*pro hac vice* to be filed)
Email: jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

HIGGINS FIRM PLLC
Benjamin J. Miller (SBN 25575)
Email: ben@higginsfirm.com
524 Fourth Avenue South
Nashville, TN 37210
Telephone: (615) 353-0930
Facsimile: (888) 210-5883


*Attorneys for Plaintiffs and the Proposed Class*