**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

TARA JOHNSON and MELVIN
BROWN,

        Plaintiffs,

v.                                                  Case No: 5:18-cv-361-Oc-40PRL

INTELEMEDIA COMMUNICATIONS,
INC. and INTELEMEDIA PREMIER
LEADS, LLC,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants', Intelemedia Communications, Inc.'s and Intelemedia Premier Leads, LLC's, Motion to Dismiss and attached Memorandum (Docs. 18, 18-1 ("**Motion**")). Plaintiffs opposed. (Doc. 25). With briefing complete, the matter is ripe. Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**[1]

Plaintiffs, Tara Johnson and Melvin Brown, bring this putative class action against Defendants, Intelemedia Communications, Inc. ("**Intelemedia Communications**") and Intelemedia Premier Leads, LLC ("**Intelemedia Premier**"), for violations of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. § 227 *et seq.* (Doc. 1). Plaintiffs allege they received prerecorded telephone calls from Defendants without their consent in violation

---

[1] This account of the facts is taken from the Complaint (Doc. 1). The Court accepts these factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

of the TCPA. (*Id.* ¶¶ 22–24). The calls were part of a telemarketing scheme called "Moneycall" or "Dreamsweepstakes." (*Id.* ¶ 23).

Intelemedia Premier is a wholly-owned subsidiary of Intelemedia Communications. (*Id.* ¶ 8). Plaintiff alleges that the phone number making the impermissible calls is associated with a website "operated by or on behalf of Defendants." (*Id.* ¶ 23). Both Intelemedia Premier and Intelemedia Communications are defined as "Sweepstakes Entities" in the website's "Official Rules" section. (*Id.*).

Defendants move to dismiss the Complaint for impermissibly lumping Defendants together in many of the allegations. (Doc. 18-1, pp. 1–5). Furthermore, Defendants maintain that the Complaint fails to "specifically connect any of the purportedly unlawful conduct to Intelemedia Communications." (*Id.* pp. 5–6).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Thus, in order to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as

a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendants first move to dismiss the Complaint for "lumping the Defendants together for the purposes of all allegations." (Doc. 18-1, p. 4).[2] Indeed, "[w]hen a plaintiff brings claims against multiple defendants, 'the complaint should contain specific allegations with respect to each defendant; generalized allegations lumping multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming.'" *Brogan v. Volusia Cty.*, No. 6:17–cv–745–Orl–40KRS, 2018 WL 2359145, at *3 (quoting *J.V. v. Duval Cty. Sch. Bd.*, No. 3:16–cv–1009–J–34MCR, 2017 WL 4226590, at *1 (M.D. Fla. Sept. 22, 2017)).

Notwithstanding this general principle, Defendants' argument on this point fails. Although many of the allegations apply to both Defendants, it is because they allegedly

---

[2] Defendants do not dispute that the Complaint fails to plead sufficient allegations establishing violations of the TCPA. Instead, Defendants contend that the Complaint: (1) fails to distinguish between Defendants, and (2) is devoid of allegations supporting claims against Defendant Intelemedia Communications. (Doc. 18-1).

3

both participated in the same unlawful conduct. (Doc. 1, ¶ 23). The Complaint contains sufficient allegations to put each Defendant on notice of what Plaintiff is claiming, despite Plaintiffs' pleading style.

Defendants also move to dismiss the Complaint as against Defendant Intelemedia Communications for failure to specifically allege any wrongful conduct by Intelemedia Communications. (Doc. 18-1, pp. 5–6). However, the Complaint alleges that Intelemedia Communications operates the website associated with the unlawful calls and is defined by the website as a "Sweepstakes Entit[y]." (Doc. 1, ¶ 23). The Court declines Defendants' invitation to ignore the "incorrect" allegation in the Complaint and take judicial notice of Defendants' website (Doc. 18-1, p. 5 n.4), which purportedly establishes the error.[3] Rather, accepting as true the well-pled allegations of the Complaint, and viewing the Complaint in the light most favorable to Plaintiffs, the Court is satisfied that the Complaint contains sufficient factual allegations to support a plausible claim against Defendant Intelemedia Communications.[4]

---

[3] "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010). "In general, non-governmental websites are not proper subjects of judicial notice." *Nassar v. Nassar*, No. 3:14–cv–1501–J–34MCR, 2017 WL 26859, at *5 (M.D. Fla. Jan. 3, 2017).

[4] The facts Defendants demand, moreover, are beyond Plaintiffs' reach. *United States v. Baxtern Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003) (per curiam) ("Courts typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant.")

**IV.     CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 18) is **DENIED**. Defendants shall answer the Complaint on or before August 15, 2018.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2018.

                                                                                                      PAUL G. BYRON
                                                                                         UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record